UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION FOUNDATION, INC,

    Plaintiff,

v.                             Case No.: 08-cv-1105

MANITOWOC COUNTY, WISCONSIN
BOB ZIEGLEBAUER, Manitowoc County Executive,
And JEFFREY BEYER, Manitowoc County
Public Works Director,

    Defendants.

_____

**RULE 26(F) REPORT ON DISCOVERY PLANNING CONFERENCE
SUBMITTED ON BEHALF OF PLAINTIFF AND DEFENDANTS**
_____

Pursuant to this court's Order dated January 21, 2009 and Federal Rule of Civil Procedure 26(f), the parties participated in a telephone conference on February 20, 2009 and by e-mail on February 23 and 24, 2009 to discuss a proposed discovery plan in this case. They jointly submit the following Rule 26(f) Report:

**(1)**   **Nature of Case.** Freedom From Religion Foundation filed this lawsuit under 42 U.S.C. § 1983 alleging that the display of a Nativity Scene on the Manitowoc County Courthouse lawn violated the First Amendment Establishment Clause

**(2)**   **Early Disposition.** The parties have discussed whether the case is suitable for one or more of the Alternative Dispute Resolution mechanisms available under the court's Alternative Dispute Resolution program, and have agreed that the case is suitable for mediation after the parties have had a sufficient opportunity for discovery and briefing of the issues.

**(3)**   **Disclosures as Required Under Rule 26(a):**

    (a)   Initial disclosures pursuant to Rule 26(a)(1) shall be made by Plaintiff by March 28, 2009 and by Defendants by April 16, 2009

    (b)   Expert disclosures pursuant to Rule 26(a)(2) shall be made by Plaintiff by May 16, 2009 and by Defendants by June 29, 2009.

(c) Pretrial disclosures pursuant to Rule 26(a)(3) will be made as required by the provisions of Rule 26(a)(3).

**(4) Subjects on Which Discovery May be Needed.**

Discovery may include the events of the incident alleged in the complaint and all other matters set out in Complaint and in the Answer of Defendants including issues of standing, mootness and damages. Discovery may include depositions.

**(5) Changes in the Limitations on Discovery**

At this point, the parties are unaware of any changes that need to be made on discovery limitations. If it becomes apparent that such changes are necessary, the parties anticipate that an agreement can be reached amongst counsel.

**(6) Any other Orders Under Rule 26(c) or Under Rule 16(b)**

The parties do not anticipate any orders under Rule 26(c) at this time. The parties make the following additional recommendations under Rule 16:

(a) **Whether Parties Will be Joined or the Pleadings Will be Amended**. The parties do not anticipate joining other parties nor otherwise amending the pleadings but request a deadline of March 27, 2009.

(b) **Completion of Discovery**. Discovery may be completed by September 1, 2009.

(c) **Summary Adjudication Under Federal Rule of Civil Procedure 56 and Local Rule 56**. The parties anticipate that this matter can go before the court on summary judgment. The parties anticipate that Defendants can file the motion by October 1, 2009. Plaintiff's Response can be filed November 1, 2009. Defendants' Reply can be filed by December 1, 2009. Plaintiffs Sur-Reply can be filed by January 1, 2010.

(d) **Estimated Trial Length**. The parties recommend that the court first consider the proposed motion. If it becomes apparent that a trial is necessary the parties anticipate that no more than two days would be necessary.

(e) **Whether a Jury Trial is Requested**. The Defendants request a jury trial.

(f) **Recommended Dates for Final Pre-Trial Conference and Trial**. The parties do not anticipate the need for pre-trial conference and trial dates at this time.

(g) **Formulation and Simplification of the Issues**. The parties will attempt to formulate and simplify the issues through discovery in advance of dispositive motions.

(h) **The Possibility of Obtaining Admissions of Fact and Documents that Will Avoid Unnecessary Proof**. The parties will attempt to facilitate stipulations involving various issues.

(i) **The Necessity or Desirability of Obtaining Advance Rulings on the Admissibility of Certain Evidence**. The parties anticipate no advance rulings at this time.

(j) **The Avoidance of Unnecessary Proof and Limitations on the Use of Testimony Under Federal Rule of Evidence 702**. If the need arises, the parties will attempt to facilitate stipulations involving such issues.

(k) **Issues relating to disclosure or discovery of electronically stored information.** The parties do not anticipate such issues but if it becomes apparent that electronic discovery issues may exist, the parties anticipate that an agreement can be reached among counsel.

(l) **Issues relating to claims of privilege or protection of trial-preparation material.** The parties do not anticipate any issues relating to claims of privilege or of protection as trial-preparation material but if it becomes apparent that such issues exist the parties anticipate that an agreement can be reached amongst counsel.

(m) **Other matters.** It is anticipated that there may be a substitution of counsel for Plaintiff in the near future.

Dated this 25th day of February, 2008.

> BY:   s:/ Richard L. Bolton
> Richard L. Bolton
> Attorneys for Freedom from Religion Foundation, Inc.
> Boardman Suhr Curry & Field LLP
> 1 S Pickney St – 4th Floor
> PO Box 927
> Madison, WI 53701-0927
> Email: rbolton@bordmanlawfirm.com

3

Dated this 25th day of February, 2009.

> BY:   s:/  Raymond J. Pollen
> RAYMOND J. POLLEN
> State Bar No.: 1000036
> REMZY D. BITAR
> State Bar No.: 1038340
> Attorneys for Manitowoc County, Bob Ziegelbauer and Jeffrey Beyer
> Crivello Carlson, S.C.
> 710 North Plankinton Avenue
> Milwaukee, Wisconsin 53203
> 414-271-7722
> Email: rpollen@crivellocarlson.com
>         rbitar@crivellocarlsom.com