UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiff,

v.                                                                                Case No.: 08-CV-1105

MANITOWOC COUNTY, WISCONSIN
BOB ZIEGELBAUER, Manitowoc County Executive,
And JEFFREY BEYER, Manitowoc County
Public Works Director,

    Defendants.

**FREEDOM FROM RELIGION FOUNDATION'S PROPOSED FINDINGS OF FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The Freedom From Religion Foundation, pursuant to Civil L.R. 56.2 of this Court, submits the following proposed findings of fact as to which there is no genuine issue, and which entitle plaintiff to summary judgment.

1. The Freedom From Religion Foundation (FFRF) is a national nonprofit organization whose purpose is to protect the fundamental principle of separation between state and church and to represent the rights and views of nonbelievers. Gaylor Dec. at ¶ 2.

2. FFRF has approximately 13,900 members nationwide, including members in Manitowoc County. Gaylor Dec. at ¶ 2, 3.

3. FFRF heard from its members about the nativity scene displayed on the lawn of the Manitowoc County Courthouse. Gaylor Dec. at ¶ 5, 8, Ex. C, G.

4. These members were offended by this display. Gaylor Dec. at ¶ 7, 8, Ex. A, B; Rappel Dec. at ¶ 9, 10, Ex. D.

5. FFRF has also heard from members of general public who also object to the placement of the crèche on the courthouse grounds. Gaylor Dec. at ¶ 8; Kratz Dec. Ex. Q.

6. FFRF members and other residents opposed to the Courthouse Nativity did not wish to be identified publicly because of their fear of retribution. Gaylor Dec. at ¶ 5, 7, Ex. B, F; Rappel Dec. at ¶ 10, Ex. D.

7. On behalf of its members, FFRF has objected to the display in 2007 and 2008. Gaylor Dec. at ¶ 4, 9, 12, Ex. C, G.

8. Paul T. Rappel resides in Manitowoc County and he is a member of FFRF. Rappel Dec. at ¶ 1, 2, 10, Ex. D.

9. The nativity scene offends him. Rappel Dec. at ¶ 9, 10, Ex. D; Gaylor Dec. at ¶ 7, Ex. B.

10. Rappel has been offended by the nativity scene for the past few years. Rappel Dec. at ¶ 4, 9.

11. When the crèche is on display each December, Rappel must drive past the scene every day on his way to work. Rappel Dec. at ¶ 8.

12. Rappel has altered is behavior to avoid the crèche, however, at times he is unable to avoid the nativity scene. Id.

13. Rappel believes that a religious symbol like the crèche does not belong on public property.  Rappel Dec. at ¶ 9, 10, Ex. D; Gaylor Dec. at ¶ 7, Ex. B.

14. The placement of the nativity scene at the steps of the courthouse sends him the message that "the building stands for Christianity and application of faith over reason… that religion holds sway in the courthouse and any justice that is dispensed will favor those who have faith in the Christian religion."  Rappel Dec. at ¶ 10, Ex. D; Gaylor Dec. at ¶ 7, Ex. B.

15. Rappel feels like an outsider in his own community.  Rappel Dec. at ¶ 9.

16. Manitowoc County Executive Bob Ziegelbauer has released a public statement stating that the Courthouse Nativity "puts a little sunshine in all of our lives at this time of year."  Kratz Dec. Ex. L.

17. Manitowoc County Executive Bob Ziegelbauer also stated in the Manitowoc Herald Times Reporter that the nativity scene "looks wonderful."  Defendants' Answer at ¶ 30 answering ¶ 30 of Complaint (attached as Ex. A. to Kratz Dec.); Gaylor Dec. Ex. F.

18. The Manitowoc County Catholic Woman's Club and the Knights of Columbus, with consent from Manitowoc County, have erected a nativity scene on the Manitowoc County Courthouse lawn since at least 1946. Defendants' Answer at ¶ 21, 22 answering ¶ 21, 22 of Complaint (attached as Ex. A to Kratz Dec.); Kratz Dec. Ex. L, O; Gaylor Dec. Ex. F.

19. Each year, the Courthouse Nativity scene is the only display on Courthouse grounds during the month of December.  Kratz Dec. Ex. L.

20. In 2007, the crèche was located on the northeast corner of the courthouse lawn right next to the courthouse steps. Kratz Dec. Ex. O, P.

21. In 2008, the crèche was located again on the northeast corner of the courthouse lawn right next to the courthouse steps. Defendants' Answer at ¶ 15 answering ¶ 15 of Complaint (attached as Ex. A to Kratz Dec.); Kratz Dec. Ex. O; Gaylor Dec. Ex. F.

22. The nativity scene was erected during the last week of November 2008 and remained on display until around January 10, 2009. Defendants' Answer at ¶ 18 answering ¶ 18 of Complaint (attached as Ex. A to Kratz Dec.); Gaylor Dec. Ex. F; Gaylor Dec. at ¶ 12, Ex. H.

23. The Courthouse Nativity scene depicts the birth of Jesus Christ and includes figurines representing Jesus, Mary, Joseph, a shepherd, a camel, four lambs and a ram. Defendants' Answer at ¶ 16 answering ¶ 16 of Complaint (attached as Ex. A to Kratz Dec.); Rappel Dec. at ¶ 6, Ex. A, B; Gaylor Dec. Ex. F.

24. Atop the crèche is a blonde-haired angel with a sign that reads, "Gloria in Excelsis Deo" (Glory to God in the Highest). Defendants' Answer at ¶ 17 answering ¶ 17 of Complaint (attached as Ex. A to Kratz Dec.); Rappel Dec. at ¶ 6, 7, Ex. A, B, C; Gaylor Dec. Ex. F.

25. A sign is also located on the crèche that reads, "Christmas Blessings Sponsored by Manitowoc County Catholic Women's Club." Rappel Dec. at ¶ 7, Ex. A, B.

26. Manitowoc County has no written policy for approving displays on the exterior of the courthouse. Kratz Dec. Ex. D (Response to Request No. 3).

27. Manitowoc County, specifically the Public Works Committee, which purports to review and approve displays on the exterior of the courthouse, has no records showing review, approval or a permit for the Manitowoc County Catholic Woman's Club and/or the Knights of Columbus display during the last ten years. Kratz Dec. Ex. D (Responses to Requests No. 1 and 2).

28. The County has no records showing approval or a permit for the display dating back to 1946. Kratz Dec. Ex. D (Response to Request No. 2).

29. Nevertheless, the Manitowoc County Catholic Woman's Club and/or the Knights of Columbus have erected a nativity scene on the courthouse lawn annually during the month of December since at least 1946 with the County's consent. Defendants' Answer at ¶ 21, 22 of Complaint (attached as Ex. A to Kratz Dec.); Kratz Dec. Ex. L, O; Gaylor Dec. Ex. F.

30. Aside from the nativity display, the Manitowoc County Board of Supervisors has not granted permission or given approval to any other temporary displays on the exterior of the courthouse. Kratz Dec. Ex. L, M, N.

31. On February 2, 1993, a Manitowoc resident, Mr. Jeff Running, appeared before the Transportation and Public Works Committee. Mr. Running wanted to put up a winter display on the courthouse property. Kratz Dec. Ex. E, P.

32. The Committee requested a sketch of the display without reaching a decision. Mr. Running agreed to forward a sketch to the committee. Kratz Dec. Ex. E, P.

33. There are no records in any subsequent meeting minutes indicating that Mr. Running supplied a sketch, or that a sketch was approved or disapproved by the Committee. Kratz Dec. Ex. E.

34. Manitowoc County Board Supervisor Norbert Vogt has publicly stated that an atheist display would not be appropriate for the Courthouse exterior, and that "everyone realizes there is a Supreme Being and it would be unacceptable to have a sign denying that reality." Gaylor Dec. at ¶ 11, Ex. F.

35. In December 2008, on behalf of a Manitowoc resident, FFRF contacted the County about putting up a display on Courthouse grounds. Gaylor Dec. at ¶ 10, Ex. D.

36. FFRF submitted an inquiry about a possible Winter Solstice display to Mr. Jeffrey Beyer, of the Public Works Committee, on December 8, 2008. Gaylor Dec. at ¶ 10, Ex. D.

37. FFRF was told it would not be eligible to put up a display for the Winter Solstice in December 2008, but would have to wait until January 2009 to come before the Committee. FFRF was provided no standards applicable to approvals for displays. Gaylor Dec. at ¶ 10, Ex. E.

38. The County has received at least two requests for a permanent monument on the exterior courthouse grounds. Kratz Dec. Ex. D (Response to Request No. 4), F, G.

39. In 1997, the Public Works and Solid Waste Committee reviewed a request to place a memorial in the courtyard area between the Courthouse and Jail. Kratz Dec. Ex. F.

40. On July 2, 1997, the Committee recommended a resolution to be presented at the next County Board meeting. Id.

6
Case 1:08-cv-01105-WCG   Filed 09/30/09   Page 6 of 8   Document 21

41. The resolution was presented at the July 15, 1997 meeting. It passed unanimously. Id.

42. On May 28, 2003, the Public Works and Solid Waste Advisory Committee considered a request from the Veterans of Foreign Wars (VFW). Kratz Dec. Ex. G.

43. The VFW requested to use a mailbox on the courthouse or jail facility for flag retirement depositories. Id.

44. These depositories would be used for residents to dispose worn, tattered or torn American flags. Id.

45. This request also forwarded to the United States Postal Service. The Committee moved forward with this request. Id.

46. In March 2009, the Public Works Committee submitted to the entire County Board of Supervisors a resolution for after hours use of the courthouse grounds. Kratz Dec. Ex. H.

47. This resolution was passed by the Public Works Committee and the full County Board on March 17, 2009. Kratz Dec. Ex. J.

48. The policies and procedures adopted by the County on March 17, 2009 govern the interior of the courthouse. Kratz Dec. Ex. I.

49. The available areas of the inside of the courthouse are the hallway, the lobby, restroom, rotunda, and vending area. Id.

50. The newly adopted policy requires any person requesting use of the interior grounds of the courthouse to receive a permit from the Public Works Committee. Id.

51. The permits are issued on a "first come, first served" basis. Id.

52. The residents or groups interested in using the facilities must apply two weeks before the date of the proposed use, submit the application form, and include a description, sketch or photo of the display. There is also a $100 application fee. Id.

53. If a person is denied a permit, the Committee is supposed to give a written explanation of the denial. Id.

54. Any request may be denied if deemed "inappropriate" by the Public Works Committee. No criteria are given to guide the Committee in determining what is "appropriate" or "inappropriate." Id.

55. Since the adoption of the policy, the Committee has granted one permit. Kratz Dec. Ex. K.

Dated this 30th day of September, 2009.

/s/ Rebecca S. Kratz
_____

Rebecca S. Kratz, Staff Attorney
State Bar No. 1063232
Freedom From Religion Foundation
P.O. Box 750
Madison, WI 53701-0750
Telephone: (608) 256-8900
Facsimile: (608) 204-0422
rkratz@ffrf.org