UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiff,

v.                                                                              Case No.: 08-CV-1105

MANITOWOC COUNTY, WISCONSIN
BOB ZIEGELBAUER, Manitowoc County Executive,
And JEFFREY BEYER, Manitowoc County
Public Works Director,

    Defendants.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTIONS TO MODIFY THE PRETRIAL SCHEDULING ORDER AND FOR LEAVE TO SUPPLEMENT COMPLAINT**

Pursuant to Rule 15(d) and Rule 16 of the Federal Rules of Civil Procedure, and Local Rule 15.1, plaintiff Freedom From Religion Foundation ("FFRF") respectfully submits this brief in support of its Motions to Modify the Pretrial Scheduling Order and for Leave to File a Supplemental Complaint. Plaintiff's counsel conferred with Defendants' counsel regarding these motions.

## BACKGROUND

This lawsuit challenges the constitutionality of a stand-alone nativity scene that is displayed annually on the grounds of the Manitowoc County Courthouse, alleging that it

constitutes government endorsement of religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

The complaint was filed on December 17, 2008, defendants filed their answer on January 20, 2009, and a Scheduling Order was issued by this Court on March 4, 2009. The Scheduling Order set a March 27, 2009 deadline for filing any amendments to the pleadings, a September 1, 2009 discovery cut-off, and an October 1, 2009 deadline for filing dispositive motions. Following the conclusion of discovery, Motions for Summary Judgment were filed on September 30, 2009, and October 1, 2009 by the plaintiff and defendants, respectively.

In its complaint and motion for summary judgment, plaintiff contends —among other things— that defendant Manitowoc County does not have an approval process governing displays on the Courthouse grounds and that the Catholic groups that have erected the nativity scene since 1946 have been given preferential treatment that is unequal to other groups and individuals seeking to erect their own private displays on the Courthouse grounds. In their discovery responses, defendants admitted that there were no written policies or procedures governing use of the Courthouse grounds, and plaintiff's argument in support of its motion for summary judgment was based in part on that fact.

However, it now appears that on September 22, 2009 —just days before filing its own motion for summary judgment — defendant Manitowoc County adopted formal, written policies and procedures governing use of the Courthouse grounds. See Kratz Dec. Ex. A. Despite Defendants' obligations under Rule 26 of the Federal Rules of Civil Procedure to supplement a request for production of documents, plaintiff did not learn of

2
Case 1:08-cv-01105-WCG   Filed 10/13/09   Page 2 of 7   Document 34

this change until receipt of defendants' motion for summary judgment on October 2, 2009, where its existence was mentioned for the first time.  See Kratz Dec. at ¶ 7, 8.

## ARGUMENT

For the reasons set forth below, plaintiff requests that the Court's Scheduling Order be modified to permit it to file a Supplemental Complaint that addresses new issues raised by these recently enacted policies and procedures, and submits that good cause exists therefore.

I. **GOOD CAUSE EXISTS TO MODIFY A RULE 16 SCHEDULING ORGER WHERE THE SCHEDULE CANNOT BE MET DESPITE THE DILIGENCE OF THE MOVING PARTY.**

Rule 16 of the Federal Rules of Civil Procedure permits a party to modify a Scheduling Order "for good cause and with judge's consent."  Fed. R. Civ. P. 16 (b)(4); see also United States v. 1948 South Martin Luther King Drive, 270 F.3d 1102, 1110 (7th Cir. 2001)("Good cause" must be shown to modify the scheduling order).  The "good cause" standard allows a court to modify the Scheduling Order if "it cannot be reasonably met despite the diligence of the party seeking amendment." Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment).

There is good cause to modify the Rule 16 Scheduling Order in this case because the plaintiff could not have reasonably met the March 27, 2009 amendments deadline. The only reason for the delay in seeking this amended pleading is that the Manitowoc County Courthouse Policies and Procedures ("Policies and Procedures") governing use of the Courthouse grounds did not exist at the time of the plaintiff's original filing. They were *just* adopted on September 22, 2009, over six months after the deadline for amended pleadings, nearly a month after the deadline for discovery and just days before the

deadline for dispositive motions.  <u>See</u> Kratz Dec. Ex. A.  Given that the plaintiff was wholly unaware of the County's new policies until defendants' motion for summary judgment was filed and reviewed by the plaintiff's counsel, there simply was no opportunity for the plaintiff to address these new policies and procedures in its original pleading or in its motion for summary judgment.  <u>See</u> Kratz Dec. at ¶ 7, 8.

**II.    SUPPLEMENTAL PLEADINGS UNDER RULE 15(d) ARE APPROPRIATE WHERE FACTS HAVE ARISEN SINCE THE FILING OF THE ORGINAL PLEADING.**

Rule 15(d) allows a party to file a supplemental pleading when there are matters or events occurring subsequent to the filing of the initial pleading.  <u>See</u> Fed. R. Civ. P. 15(d) (allowing a supplemental pleading for any "transactions or occurrences or events which have happened since the date of the pleading").  "A court should permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading." <u>Habitat Educ. Center, Inc., v. Kimbell</u>, 250 F.R.D. 397, 402 (E.D. Wis. 2008).  A supplemental pleading is a "tool of 'judicial economy and convenience,' which serves to 'avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted.' " Id. (internal citations omitted).  The determination of permitting a supplemental pleading is within the discretion of the trial court.  <u>See</u> Fed. R. Civ. P. 15.

In this case, the Policies and Procedures adopted by the County only recently undeniably constitute a matter or event occurring subsequent to the filing of plaintiff's original complaint.  The Policies and Procedures were adopted in direct response to the plaintiff's initiation of a lawsuit concerning the stand-alone nativity.  <u>See</u> Kratz Dec. Ex. A.  Granting permission for Leave to File a Supplemental Complaint to address these

new policies and procedures would avoid the necessity of filing another complaint in a separate action.

### III. GOOD CAUSE TO MODIFY THE SCHEDULING ORDER HAVING BEEN SHOWN, LEAVE TO FILE THE SUPPLEMENTAL COMPLAINT SHOULD BE GRANTED UNDER THE SAME LIBERAL STANDARD APPLIED TO RULE 15(a) AMENDMENTS.

Once a party demonstrates "good cause" to modify the scheduling order, the Court should grant the Motion for Leave to File a Supplemental Pleading under the same liberal standard applied to motions made under Rule 15(a) of the Federal Rules of Civil Procedure. See Glatt v. Chicago Park District, 87 F.3d 190, 194 (7th Cir. 1996); Franks v. Ross, 313 F.3d 184 (4th Cir. 2002). Therefore, "leave shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). A motion under 15(d) should be granted in the absence of "delay, bad faith, dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment and other similar reasons." Id. at 182. Accord Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005).

Under the circumstances of this case, none of the Foman factors listed above exist. Filing this Supplemental Complaint will not cause undue delay and will not unduly prejudice the defendants in this matter. This claim could not be asserted until now because the County adopted these policies just at the end of last month. Any delay possibly resulting in these proceedings is not the fault of the plaintiff's but rather the defendants' failure to promptly supplement the Plaintiff's Request for Production of Documents. Kratz Dec. at ¶ 7. Moreover, given that the defendants' have asserted the

County's new Courthouse grounds use policies as a basis for their summary judgment motion, there is no undue prejudice to the opposing party.

Furthermore, there is no bad faith or dilatory motive on part of the plaintiff seeking the motion for leave. In fact, the plaintiff has diligently pursued this matter and has met all prior deadlines set forth in the Scheduling Order.

The plaintiff also has not sought previous amendments to cure deficiencies in the original complaint, so there is no failure to cure those deficiencies. See Kratz Dec. at ¶ 4.

Finally, this supplemental complaint will not be futile. "An amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously determined.'" Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992)(internal citations omitted). It may also be futile when "it fails to state a valid theory of liability, or could not withstand a motion to dismiss." Id. Plaintiff's Proposed Supplemental Complaint asserts a new claim —that the newly adopted policies and procedures are unconstitutional on their face — related to the facts and circumstances surrounding its original complaint from December 2008. A facial challenge to government ordinances regulating expressive activities of citizens is a valid claim. See City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750 (1988).

By seeking leave of this Court to file a supplemental pleading, the plaintiff is simply trying to address the facts and circumstances which arose after the filing of the initial complaint at the end of last year, and upon which the defendants' rely in their pending motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the plaintiff's motions to Modify the Scheduling Order and For Leave to File a Supplemental Complaint should be granted.

Dated this 13th day of October, 2009.

/s/ Rebecca S. Kratz
_____

Rebecca S. Kratz, Staff Attorney
State Bar No. 1063232
Freedom From Religion Foundation
P.O. Box 750
Madison, WI 53701-0750
Telephone: (608) 256-8900
Facsimile: (608) 204-0422
rkratz@ffrf.org