FREEDOM FROM RELIGION FOUNDATION, INC,

      Plaintiff,

v.                                Case No.: 08-cv-1105

MANITOWOC COUNTY, WISCONSIN
BOB ZIEGLEBAUER, Manitowoc County Executive,
And JEFFREY BEYER, Manitowoc County
Public Works Director,

      Defendants.
_____

**SUR-REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT BY MANITOWOC COUNTY, BOB ZIEGLEBAUER AND JEFFERY
BEYER**
_____

Manitowoc County, Bob Zieglebauer and Jeffery Beyer, by their attorneys, Crivello Carlson, s.c., submit the following Sur-reply Brief in Support of their Motion for Summary Judgment. These parties submit a few points in Sur-Reply to Plaintiff's Reply.

First, the case appears to be moot. The passage of the new Courthouse Use Policy resolves the concerns Plaintiff laid out in their Complaint and throughout the briefing. Although Plaintiff requests leave to challenge the new policy, such a challenge is not appropriate in this suit. Plaintiff appears to seek an advisory opinion. The proposed Supplemental Complaint does just that – it asks for declaratory relief. Such relief cannot be a remedy available to Plaintiff in this case because declaratory relief is designed to apply prospectively to prevent or mandate reasonably certain, future conduct. See *Medlmmune, Inc. v. Genentech, Inc.,* **549 U.S. 118, 126 (2007)** (stating that the remedy created by the federal Declaratory Judgment Act applies only to justiciable controversies that are "definite and concrete," not "hypothetical," "academic or

moot") (quoted source omitted). Ripeness and standing considerations are applicable where, as here, any future violation will almost certainly not take the form of the alleged past actual or threatened violation.[1] Because the nature of any future violation is uncertain, the nature of any possible relief this Court could order is also uncertain. Based on the circumstances of this case, granting declaratory relief would not clarify ongoing relations between the parties, eliminate future legal uncertainties or serve any purpose other than to render an impermissible advisory opinion. The Supreme Court recently stated that the standing and ripeness considerations boiled down to a similar consideration: "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Genentech*, **549 U.S. at 127 & n. 8**. That does not appear to be the case here

    Second, while FFRF has partly clarified the evidence supporting its grounds for standing by offering yet another affidavit of Mr. Rappel, these efforts by FFRF to clarify standing in the middle of summary judgment fall within the concerns raised by *Valley Forge* and other federal courts. Even after supplementing his affidavit to offer scant information that might be acceptable in some Seventh Circuit cases, FFRF does not address the growing concerns with standing in these cases. Given the evolving jurisprudence in this area and the increasing judicial scrutiny of standing of these litigants, it is not fair for FFRF to claim that "defendants have wholly ignored controlling authority and clear precedent." **FFFF's Reply Brief p. 3**. Nor is it a

---

[1] See *Deveraux v. City of Chicago*, **14 F.3d 328, 330 (7th Cir. 1994)** ("Courts may not exercise [their] discretionary power [to issue declarations under the Declaratory Judgment Act] in the absence of an 'actual controversy' between the parties."); see also **U.S. Const. Art. III, § 2; 28 U.S.C. § 2201**. Ripeness is predicated on the "central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute," *Lehn v. Holmes*, **364 F.3d 862, 867 (7th Cir. 2004)**, and "[c]ases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Id*. "Standing is not dispensed in gross," *Lewis v. Casey*, **518 U.S. 343, 358 n. 6 (1996)**, but rather must be demonstrated "separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, **528 U.S. 167, 185 (2000)**.

fair to say that **County of Allegheny** is "virtually indistinguishable" from this case, as if to say that the County somehow ignored that decision. **FFRF's Reply Brief p. 9**. The County has explained why **Allegheny** does not result in a finding of an Establish Clause offense in this case. **See County's Brief in Response to FFRF's Motion for Summary Judgment at p. 7-8**.

Third, for clarification, the defendants are not seeking a "grandfather" exception based on the fact that this crèche first appeared before the Supreme Court incorporated the Establishment Clause to the states. **Plaintiff's Reply Brief p. 12-13**. Rather, defendants offer that fact as part of the reasonable observer analysis. The same goes for the consideration the Defendants have placed on the other monuments on the courthouse grounds, the other holiday decorations in and around the courthouse, etc. While FFRF says the display is an unconstitutional stand-alone display not incorporated into any larger display, **Plaintiff's Reply Brief p. 7-10**, a reasonable observer would not think the County is offending the Establishment Clause if all the facts and circumstances of this case are considered. Cases like **Mather v. Village of Mundelein**, **864 F.2d 1291, 1293 (7th Cir. 1989)** and **Elewski v. City of Syracuse**, **123 F.3d 51, 54 (2nd Cir. 1997)** say there is no violation when considering all the facts and circumstances. For example, the Second Circuit in **Elewski** observed in that case:

> A reasonable observer is not one who wears blinders and is frozen in a position focusing solely on the crèche. To get to either Clinton or Hanover Square, one has to use streets with lampposts decorated with artificial greenery, wreaths, and colored lights. The squares themselves are across the street from each other. A reasonable observer traveling on Salina Street would thus observe decorated lampposts, lights, decorated trees, reindeer, a snowman, and wire bells. As the traveler approached the intersection of Salina and Water Streets, the crèche would be visible on the right and the menorah would become visible on the left. A photograph in the record indicates that a traveler on Water Street approaching the intersection would have both the crèche/holiday tree exhibition and the menorah in view. The menorah is thus on the same street as the crèche/holiday tree but in the next block.

3

**123 F.3d at 54**. While no one fact or circumstance is controlling, they are all relevant to whether a reasonable observer would believe the County offends the Establishment Clause.

Finally, while not outcome dispositive, there is one issue the Defendants do not want to waive by not responding. The Defendants offered the transcript and audio of FFRF's Co-President and Co-Founder's critical comments of the County residents. FFRF offers a transcript that removes those critical comments. **See Plaintiff's Response to Additional Proposed Findings of Fact, Docket No. 50 at ¶ 8**. The County respectfully submits that its transcript is correct, not FFRF's. Therefore, the County does not waive its right to further address this issue at a later time. The audio is publicly available at FFRF's website: http://www.ffrf.org/radio/podcast/ (January 31, 2009 podcast) (the comments at issue appear at approximately the 25:05 minute-mark of the audio).

<u>CONCLUSION</u>

For these reasons, it is respectfully requested that this Court grant summary judgment in favor Manitowoc County, Bob Zieglebauer and Jeffery Beyer, and dismiss the Plaintiff's Complaint on its merits and with prejudice.

Dated this 11th day of January, 2010.

Attorneys for Manitowoc County, Bob Zieglebauer and Jeffery Beyer

BY: /s Remzy D. Bitar
RAYMOND J. POLLEN
State Bar No.: 1000036
REMZY D. BITAR
State Bar No.: 1038340
Crivello Carlson, S.C.
710 North Plankinton Avenue
Milwaukee, Wisconsin 53203
414-271-7722
Email: rpollen@crivellocarlson.com
rbitar@crivellocarlson.com

4